# EXHIBIT A

Document28

SALDUTTI, LLC
Robert L. Saldutti, Esquire
800 N. Kings Highway, Suite 300
Cherry Hill, NJ 08034
(856) 779-0300
Attorneys for Plaintiff

| NATIONAL ENTERPRISES INC<br><br>Plaintiff<br><br>v.<br><br>WONG & FLEMING, SUCCESSOR TO WONG, FLEMING, ADORNO & YOSS; LINDA WONG, INDIVIDUALLY; DANIEL FELMING, INDIVDUALLY; JOHN DOE ATTORNEYS 1-50; JANE DOE ATTORNEYS 1-50<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO. L-001835-11<br><br>Civil Action<br><br>**COMPLAINT** |
|---|---|

Plaintiff, National Enterprises, Inc. is a foreign corporation authorized to conduct business in the State of New Jersey, hereby states as follows:

### BACKGROUND

1. National Enterprises Incorporated, ("NEI") a corporation authorized to conduct business in the State of New Jersey and having acquired various loan obligations including a loan obligation of Kenneth Wurtenberger, initiated the aforesaid complaint.

2. Wong and Fleming ("Wong") is a law firm with a principle office in Princeton, New Jersey. Wong holds itself as a minority owned law firm. The firm broke away from Yoss LLP following NEI's application for judgment.

4. Kenneth Wurtenberger, ("Wurtenberger"), was a principal of the national law firm known as Adorno & Yoss, LLP, ("Adorno & Yoss") and subsequently changed its name to Yoss LLP on November 2, 2010. Previously, Wurtenberger had obtained and defaulted on a loan obligation to the predecessor of NEI - DJ-95023-10.

5. A judgment was previously entered against Wurtenberger and said obligation and judgment was transferred to the State of New Jersey on or about April 6, 2010. Subsequently, NEI applied for a wage attachment and garnishment against Wurtenburger pursuant to New Jersey and federal law.

6. Said application and notice for a wage attachment was served on the local office of Adorno & Yoss in Princeton, New Jersey. Linda Wong was one of the principals of the Princeton location along with Daniel Fleming ("Fleming"). Linda Wong was the co-chair of the employment section of Adorno & Yoss and Fleming was the managing partner for the Princeton office of Adorno & Yoss..

7. On or about May 13, 2010, Adorno & Yoss LLP merged with the law firm then known as Wong Fleming become Adorno & Yoss. The law firm's web site announced the merger and held itself out as Adorno & Yoss. Upon information and belief, the name of the law firm was also known as Adorno, Yoss, Wong and Fleming.

8. The firm, Adorno & Yoss held itself out as a national law firm with various offices including Princeton, New Jersey office operated by Linda Wong and/or Fleming. Fleming was known as the partner in charge of the Princeton office pursuant to the web site of Adorno & Yoss.

9. On or about June 10, 2010, pursuant to New Jersey law, an Information Subpoena was issued pursuant to New Jersey Court Rules, to Wurtenburger. Wurtenburger refused to answer the information subpoena. In conjunction with the subpoena, the plaintiff and judgment creditor filed a notice of wage application on the Adorno & Yoss law firm in Princeton, New Jersey. Said application was made pursuant to New Jersey court rules and statute. Subsequently, the defendant and/or law firm objected to the wage application as well as jurisdiction in the State

2

of New Jersey. The court scheduled a preliminary hearing before the Honorable Judge Hurd in the Superior Court of New Jersey.

10. On October 15, 2010, the court heard argument concerning the issue of jurisdiction as well as the validity of the wage attachment. The court issued an order requiring the law firm Adorno Yoss to honor the wage application and held that jurisdiction was proper in the State of New Jersey. The court specifically found that there was personal jurisdiction of Wurtenburger and the law firm in the State of New Jersey.

11. The firm filed an application for reconsideration which was denied. The law firm failed to honor the wage application order. The Adorno firm also ignored a subpoena that was served on them at the Princeton location.

12. The court subsequently issued an order requiring the deposition of Linda Wong and enforcement of the subpoena. Adorno & Yoss, which subsequently became Yoss, LLP failed to honor the wage attachment and pursuant to New Jersey statute N.J.S.A. 2A:17-54 a judgment was entered against the law firm. On or about November 8, 2010, the court issued an order stating that the law firm of Adorno & Yoss is subject to the laws of the State of New Jersey including personal jurisdiction. The law firm, as well as Wurtenburger ignored any and all court orders; as well as the issuance of information subpoena and the subpoena that had been served on Linda Wong at the Princeton location. A judgment was entered nunc pro tunc as of March 9, 2011 against Yoss, LLP in the amount of $ 453,941.54  On March 23, 2011 counsel for Yoss LLP represented to the court that Yoss LLP was in the process of dissolving.

13. Upon information and belief, New Jersey State court records including the New Jersey Business Gateway Report identified the law firm as Adorno, Yoss, Wong and Fleming as

a professional corporation with Linda Wong as the president and agent. Said report was dated September 21, 2010.

14. On or about March 7, 2011, just two days prior to the entry of judgment against Yoss LLP Linda Wong issued a press release stating that "Wong Fleming" was departing from the Yoss law firm.

15. On May 26, 2011, Linda Wong was deposed pursuant to the order of court. Wong failed to produce any documents pursuant to New Jersey subpoena.

16. Wong testified that the relationship between Adorno and Yoss and the Princeton location were merely for marketing and/or branding. Wong attempted to testify that she was associated with Adorno and firm but maintained their separate identities.

17. Despite a lawful subpoena served on Wong's Princeton location requesting all agreements between Adorno, Yoss and Wong and Fleming and Yoss LLP, no agreements were produced.

18. Linda Wong admitted that an affiliation existed between the entities and that the web site had in fact represented one law firm.

19. Linda Wong testified that she participated in negotiating the agreement between the two firms and the merger and admitted under oath that she was the co-chair of the employment law group.

20. Linda Wong admitted that virtually all the attorneys at the "New" Wong Fleming firm were originally part of the Yoss firm which separated on the eve of the judgment.

21. Linda Wong also testified that the press release referenced a merger and that Fleming was the managing principal of the Adorno & Yoss Princeton office.

22. Linda Wong also testified that the new law firm was in fact essentially the same attorneys at many of the same locations as the Adorno & Yoss firm. Linda Wong also testified concerning the ongoing business practices of Wong, Fleming.

## COUNT ONE
## DECLARATORY JUDGMENT AS TO DEFENDANT WONG & FLEMING

23. Paragraphs 1-22 are incorporated herein as if set forth at length.

24. This Declaratory Judgment Action is brought pursuant to the Declaratory Judgment Act, N.J.S.A. §2A:16-50 *et seq* for a judgment declaring that Defendant Wong & Fleming is the successor in interest to Yoss LLP and therefore responsible to satisfy the Yoss LLP judgment held by plaintiff.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendant:

a. Declaring that Defendant, Wong & Fleming is the successor in interest to Yoss LLP and therefore responsible to satisfy the Yoss LLP judgment held by plaintiff;

b. Reimbursement of all expenses incurred by Plaintiff associated with the filing of this claim including costs of suit;

c. Interest;

d. Attorneys Fees; and

e. All other relief that the Court deems equitable and just.

## COUNT TWO
## SUCCESSOR LIABILITY AS TO WONG & FLEMING

25. Paragraphs 1-24 are incorporated herein as if set forth at length.

26. Since Wong Fleming issued its press release just two days prior to the entry of judgment against the Yoss firm that it was departing from the Yoss firm as well as Linda Wong's failure to produce the affiliation agreement at her deposition or at any time subsequent to her

5

deposition, the transfer of assets from the Yoss firm to the firm of Wong Fleming was made for the fraudulent purpose of escaping liability for the judgment against the Yoss firm.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory and punitive damages plus interest, attorney's fees and Court costs, as well as any other relief that the Court deems equitable and just.

## COUNT THREE
## LEGAL AND EQUITABLE FRAUD AS TO ALL DEFENDANTS

27. Paragraphs 1-26 are incorporated herein as if set forth at length.

28. In a letter dated January 31, 2011, counsel for Yoss LLP misrepresented to Mr. Saldutti, knowing it was false, and intending for plaintiff to rely on it, that they would be putting money in trust pending the time for the filing of the appeal and for reconsideration.

29. In reliance on that representation, counsel for plaintiff, waited for the time to resume post judgment remedies.

30. Pending this, in March of 2011, Linda Wong and Wong Fleming broke away from the Yoss firm in order to avoid having to pay the Wurtenburger judgment.

31. As a result, plaintiff has been unable to collect the Wurtenburger judgment and has incurred damages.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory and punitive damages plus interest, attorney's fees and Court costs, as well as any other relief that the Court deems equitable and just or judgment against the defendants reversing defendants attempts to separate themselves from the Yoss firm and compelling them to comply with the wage attachment pursuant to the Court Order, as well as any other relief that the Court deems equitable and just.

## COUNT FOUR
## NEGLIGENT MISREPRESENTATION AS TO ALL DEFENDANTS

32. Paragraphs 1-31 are incorporated herein as if set forth at length.

33. Counsel for the Adorno and Yoss firm negligently misrepresented that money would be set aside in trust pending the appeal and/or reconsideration of the judgment against the firm.

34. Plaintiff reasonably relied on that misrepresentation in foregoing collection efforts against the firm while the time to appeal was pending.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory and punitive damages plus interest, attorney's fees and Court costs, as well as any other relief that the Court deems equitable and just.

## COUNT FIVE
## FRAUDULENT CONCEALMENT AS TO ALL DEFENDANTS

35. Paragraphs 1-34 are incorporated herein as if set forth at length

36. Counsel for the Yoss firm had a duty to disclose to the Court and to Plaintiff that the separation of Wong Fleming from the Yoss part of the firm was imminent and that as a result the Yoss firm would be insolvent and unable to pay the Wurtenberger judgment.

37. As a result of counsel's failure to disclose, plaintiff has been unable to collect the Wurtenberger judgment and has been damaged thereby.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory and punitive damages plus interest, attorney's fees and Court costs, as well as any other relief that the Court deems equitable and just.

## COUNT SIX
## FRAUDULENT TRANSFER AS TO ALL DEFENDANTS

38. Paragraphs 1-37 are incorporated herein as if set forth at length.

39. In March of 2011, when Wong & Fleming "broke away" from the Yoss LLP firm, it had the effect of transferring assets out of the reach of plaintiff. Because of the timing of the transfer (two days prior to the entry of judgment) and Ms. Wong's deliberate withholding of the "affiliation agreement" between Wong & Fleming and Yoss LLP, there is evidence of actual intent to defraud plaintiff in violation of N.J.S.A. 25:2-20 *et seq*.

40. As a result of the transfer, Yoss LLP became insolvent.

41. Plaintiff was damaged thereby by being unable to collect its judgment against the Yoss firm.

WHEREFORE, plaintiff demands judgment against the defendants in accordance with the UFTA:

a. voiding the transfer of Wong & Fleming away from Yoss LLP to the extent that plaintiff can satisfy the judgment against Yoss LLP; and/or

b. Entering judgment against the transferee, Linda Wong and Wong & Fleming for the entirety of the judgment against Yoss LLP; and

c. Any other relief that this Court deems equitable and just.

## COUNT SEVEN
## PIERCING THE CORPORATE VEIL AS TO LINDA WONG AND DANIEL FLEMING

42. Paragraphs 1-41 are incorporated herein as if set forth at length.

43. Defendants Linda Wong and Fleming abused its corporate structure by separating the solvent portion of the Adorno Yoss Wong & Fleming firm, into Wong & Fleming in March of 2011, at approximately the same time as the judgment was entered against the Yoss firm.

8

WHEREFORE, plaintiff demands judgment against the defendants for compensatory and punitive damages plus interest, attorney's fees and Court costs, as well as any other relief that the Court deems equitable and just.

SALDUTTI, LLC

_____
ROBERT L. SALDUTTI, ESQUIRE

Dated: July 18, 2011

## DEMAND FOR PUNITIVE DAMAGES

Plaintiff asserts a claim for Punitive Damages pursuant to N.J.S.A. 2A:15-5, *et. seq.*

## CERTIFICATION PURSUANT TO R.4:5-1

Pursuant to R. 4:5-1 this matter was the subject of a previous collection action in Mercer County, resulting in a judgment. Docket No.: DJ-95023-10

The following parties should be joined in the action: None.

## CERTIFICATION PURSUANT TO (R.1:38-7)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

SALDUTTI, LLC

_____
ROBERT L. SALDUTTI, ESQUIRE

Dated: July 18, 2011